UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| JASON EDWARD WILLIAMS, : | |
|     Plaintiff, : | |
| : | |
| v. : | No. 2:17-cv-04291 |
| : | |
| OFFICER J. PHILLPS, : | |
| OFFICER GEORGE CROAK, and : | |
| BUCKS COUNTY PREA,[1] : | |
|     Defendants : | |

_____

**O P I N I O N**
**Defendant Bucks County's Motion to Dismiss, ECF No. 18 – Granted**

**Joseph F. Leeson, Jr.**                                                                          **April 12, 2018**
**United States District Judge**

**I.    INTRODUCTION**

Plaintiff Jason Edward Williams initiated this action pursuant to 42 U.S.C. § 1983 against two corrections officers and the County of Bucks for alleged assaults and sexual harassment beginning in April 2017, while he was detained at the Bucks County Correctional Facility, Doylestown, Pennsylvania. *See* Compl., ECF No. 9. Defendant Bucks County has filed a Motion to Dismiss all claims against it for failure to state a claim. *See* Mot. Dismiss, ECF No. 18. On March 26, 2018, this Court issued an Order advising Williams that his brief in opposition to the Motion to Dismiss was past due and affording him until April 6, 2018, to file a brief in

---

[1]     "PREA" refers to the Prison Rape Elimination Act enacted in 2003 to prevent, detect, and respond to offender sexual abuse and sexual harassment. "The Bucks County Department of Corrections created a zero-tolerance policy towards all forms of sexual victimization to ensure the safety of all offenders, and announced that all allegations of abuse will be referred for investigation until an outcome is determined." *See* http://www.buckscounty.org/government/Corrections/prea (last visited April 11, 2018).

opposition. *See* Order, ECF No. 26.[2] To date, no response or request for an extension of time has been filed. Because the Complaint fails to allege that Bucks County had a policy or custom that caused the abuse Williams allegedly suffered at the hands of the corrections officers, the Motion to Dismiss is granted and all claims against Defendant Bucks County are dismissed.

## II. STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

---

[2] The Order also advised Williams that his failure to timely file an opposition brief may result in the Motion being granted as uncontested pursuant to Local Rule 71.1 and the action being dismissed for failure to prosecute or comply with a court order pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See* Order dated March 26, 2018. Nevertheless, because Williams is pro se, this Court has independently reviewed the Complaint and reaches a decision on its merits.

## III. ANALYSIS

Bucks County argues that the Complaint against it must be dismissed because there are insufficient factual allegations to support a *Monell*[3] claim. *See* Mot. Dismiss 1-6.

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or the laws of the United States committed by a person acting under the color of state law." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003). "Municipalities are subject to § 1983 liability under *Monell* only where the municipality itself causes a constitutional violation—a municipality is not subject to respondeat superior or vicarious liability under § 1983." *Cloyd v. Del. Cnty.*, No. 14-4833, 2015 U.S. Dist. LEXIS 120385, at *5 (E.D. Pa. Sept. 10, 2015) (citing *Monell*, 436 U.S. at 691). To hold a municipality liable under section 1983, "a plaintiff must show (1) a deprivation of a federal right; (2) a relevant policy or custom attributable to the municipality; and (3) a direct causal link between the municipal action and the deprivation of the federal right." *Peters v. Cmty. Educ. Ctrs., Inc.*, No. 11-cv-850, 2014 U.S. Dist. LEXIS 32520, at *9 and n.2 (E.D. Pa. Mar. 13, 2014) (internal citations omitted).

The instant Complaint is completely devoid of any allegations of a policy or custom, or even of a failure to train. To the extent that the Complaint can be liberally construed as complaining about the grievance procedures, *see* Compl. 5, the allegations are still insufficient to state a claim under *Monell*. *See Moore v. Franklin Cnty.*, No. 1:16-CV-2270, 2017 U.S. Dist. LEXIS 204149, at *43-44 (M.D. Pa. Dec. 11, 2017) (holding that the plaintiffs had not alleged sufficient facts to support a *Monell* claim despite allegations of "repeated instances of being

---

[3] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983").

subjected to physical and sexual assault by inmates and guards; by being threatened by correctional officers when they complained of mistreatment; by having the grievance policy rendered useless by the persistent refusal of prison staff to investigate misconduct or even respond to grievances; and by what the plaintiffs suggest was a culture of complicity that permitted this misconduct to flourish without any meaningful oversight"); *Brower v. Corizon Health Servs.*, No. 15-5039, 2016 U.S. Dist. LEXIS 128659, at *28-29 (E.D. Pa. Sep. 20, 2016) (concluding that the prisoner's allegations that prison officials never responded to his grievances were "still insufficient to state a claim under Monell"). Further, the Prison Rape Elimination Act does not provide a private cause of action. *See Williams v. Harry*, No. 1:16-CV-1759, 2016 U.S. Dist. LEXIS 115181, at *13-14 (E.D. Pa. Aug. 25, 2016) (citing cases).

Accordingly, Williams has failed to state a *Monell* claim against Bucks County.

## IV. CONCLUSION

Williams has failed to allege a custom or policy or any facts that would support a claim against Buck County. The County's Motion to Dismiss is granted.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge