UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| JASON EDWARD WILLIAMS, | : |
| Plaintiff, | : |
| | : |
| v. | :    No. 2:17-cv-04291 |
| | : |
| OFFICER J. PHILLPS, | : |
| OFFICER GEORGE CROAK, and | : |
| BUCKS COUNTY PREA,[1] | : |
| Defendants | : |

_____

**O P I N I O N**
**Defendant Officer George Croak's Motion to Dismiss, ECF No. 25 – Denied**

**Joseph F. Leeson, Jr.**                                                                 **April 20, 2018**
**United States District Judge**


I.      **INTRODUCTION**

Plaintiff Jason Edward Williams initiated this action pursuant to 42 U.S.C. § 1983 against

Defendants George Croak and J. Phillips, correctional officers at the Bucks County Correctional

Facility, Doylestown, Pennsylvania for alleged assaults and sexual harassment beginning in

April 2017.  *See* Compl., ECF No. 9.  Croak has filed a Motion to Dismiss based on Williams's

alleged failure to exhaust administrative remedies.  *See* Mot. Dismiss, ECF No. 25.[2]  For the

reasons set forth below, because it is not clear from the face of the Complaint that Williams did

not exhaust administrative remedies, the Motion to Dismiss is denied.

_____

[1]      Bucks County PREA was dismissed on April 12, 2018.  *See* ECF Nos. 27-28.
[2]      On March 26, 2018, this Court issued an Order reminding Williams that his brief in
opposition to the Motion to Dismiss was due no later than April 10, 2018.  *See* Order, ECF No.
26.  The Order also advised Williams that his failure to timely file an opposition brief may result
in the Motion being granted as uncontested pursuant to Local Rule 71.1 and the action being
dismissed for failure to prosecute or comply with a court order pursuant to Rule 41(b) of the
Federal Rules of Civil Procedure.  *See id.*  Nevertheless, because Williams is pro se, this Court
has independently reviewed the Complaint and reaches a decision on the merits.

## II.      STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.      BACKGROUND

In the Complaint, Williams details numerous incidents of alleged physical abuse by Croak between April 20, 2017, and August 29, 2017, while he was incarcerated at the Bucks County Correctional Facility.  *See* Compl.  He also alleges that Croak hit him in the private area on more than one occasion, unsnapped his jumper on another date, grabbed his nipple on yet another occasion while telling Williams that he liked that sh*t, and called him a faggot on several other dates.  *See* Compl. supp. pages.

When responding to why he did not file a grievance, Williams states: "I only filed a grievance for the Officer Phillips matters all other incidents I reported to staff members and no one did anything about it." Compl. 5. He further explains, "I reported it to my DNA counselor Isabella Evans and her boss." *Id.*

## IV.    ANALYSIS

Croak argues that it is clear from the Complaint Williams failed to file a grievance regarding the claims against him and the federal claim must be dismissed as unexhausted.[3]

"The Prison Litigation Reform Act ('PLRA') prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials 'until such administrative remedies as are available are exhausted.'" *Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006) (quoting 42 U.S.C. § 1997e(a)). "Although exhaustion is not a pleading requirement under the PLRA, a court may dismiss claims if the complaint is clear on its face that the plaintiff did not exhaust available administrative remedies." *Livingston v. Appel*, No. 11-2764, 2014 U.S. Dist. LEXIS 168579, at *10 (E.D. Pa. Dec. 5, 2014) (citing *Jones v. Bock*, 549 U.S. 199, 214-15 (2007)).

Despite Croak's suggestion, this Court does not find that Williams's failure to exhaust administrative remedies is clear from the face of the Complaint. Although Williams states that he only filed a grievance regarding the Phillips matters, he also states that he reported all other matters to staff members. Drawing all reasonable inferences in the Complaint in the light most favorable to Williams, all other matters includes allegations that Croak sexually harassed[4] him,

---

[3]     Croak also argues that once the federal claim is dismissed, this Court should decline to exercise supplemental jurisdiction over any remaining state-law claims. Because the federal claim is not being dismissed, the supplemental jurisdiction issue is moot.

[4]     Sexual harassment includes: "[r]epeated verbal comments or gestures of a sexual nature to an inmate, detainee, or resident by a staff member, contractor, or volunteer, including

sexually abused[5] him, and physically abused[6] him.  These types of complaints may be reported verbally to a staff member, and there is no requirement that an inmate file a written grievance.  *See* DC-ADM 001; DC-ADM 008.

Pursuant to the Policy Statement of the Pennsylvania Department of Corrections and the Prison Rape Elimination Act ("PREA"),[7] an inmate who is a victim of sexual abuse or sexual harassment by a staff member may report the abuse by making "a verbal report to a staff member."  *See* DC-ADM 008, Section 3(B)(4).[8]  This Policy Statement specifically provides that "[i]nmates shall not utilize the inmate grievance system to report sexual abuse or sexual harassment by a staff member. . . ."  DC-ADM 008, Section 3(B)(6). *See also* DC-ADM 804 (stating that the Inmate Grievance System is not meant to address allegations of sexual abuse and that such allegations "***must*** be addressed through Department policy DC-ADM 008, Prison Rape Elimination Act (PREA)" (emphasis in original)).  Although inmates may use the grievance system to report allegations of excessive or improper force by a corrections officer, inmates may also report such abuse verbally to any staff member.  *See* DC-ADM 001(IV)(D)(1)-(2).  *See also Daniel v. Wetzel*, No. 1:15-cv-00850, 2016 U.S. Dist. LEXIS 39547, at *14-16 (M.D. Pa. Mar.

demeaning references to gender, sexually suggestive or derogatory comments about body or clothing, or obscene language or gestures."  DC-ADM 008, Glossary of Terms.

[5]       Sexual abuse includes: "[a]ny other intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or the buttocks of another person, excluding contact incidental to a physical altercation," "if the victim does not consent, is coerced into such act by overt or implied threats of violence, or is unable to consent or refuse."  DC-ADM 008, Glossary of Terms.

[6]       Abuse pursuant to DC-ADM 001 includes the "use of excessive force upon an inmate" and "improper use of force upon an inmate" by "an employee, contractor, volunteer, or any individual who has business with or uses the resources of the [Pennsylvania] Department" of Corrections.  DC-ADM 001, Glossary of Terms.

[7]       "This policy is applicable to all facilities operated under the jurisdiction of, or conducting business with the Department of Corrections, Department employees, volunteers, contract personnel, official visitors, and inmates."  DC-ADM 008, II.

[8]       *See also* 28 C.F.R. § 115.51(a), (c) (requiring the agency to "provide multiple internal ways for inmates to privately report sexual abuse and sexual harassment" and dictating that "Staff shall accept reports made verbally. . . ").

24, 2016) ("Grievances alleging abuse of an inmate by a staff member or other noninmate may be addressed through the DC-ADM 804 grievance process, or they may also be addressed by alternative reporting methods set forth in DC-ADM 001.").

At this stage of the case, the Court finds that because Williams alleges that he reported the allegations of abuse and harassment by Croak to a staff member, which is consistent with the available reporting options in DC-ADM 001 and DC-ADM 008, it is not clear from the face of the Complaint that his claims are not exhausted.  Moreover, because DC-ADM 804 states that the Inmate Grievance System is not available to address allegations of sexual abuse, the grievance procedure was not "available" to Williams regarding these claims.  *See Oriakhi*, 165 F. App'x at 993 (holding that the PLRA requires an inmate to exhaust "such administrative remedies as are available"); *Sarvey v. Wetzel*, No. 16-157ERIE, 2018 U.S. Dist. LEXIS 51487, at *12-13 (W.D. Pa. Mar. 28, 2018) (finding that the opaqueness of the administrative remedy scheme regarding complaints of sexual abuse based on the wording of DC-ADM 804 and DC-ADM 008 resulted in the administrative remedies being "unavailable" to the plaintiff).

Croak's reliance on the Inmate Handbook for the Bucks County Correctional Facility ("BCCF") is unavailing. The Handbook lists four grievable issues, none of which pertain to allegations of abuse or harassment of an inmate by a staff member.  *See* Exs. A-B, Mot. Dismiss 25-1.  Moreover, consistent with DC-ADM 008 and PREA, the Handbook states that allegations of sexual abuse and harassment may be reported "[v]erbally to any staff member."  *See* Ex. B.  It therefore appears from the Complaint that Williams complied with the BCCF Handbook.

Croak's citations to the cases of *Vo*[9] and *Spencer*[10] for support is also unavailing because neither inmates' complaints related to alleged abuse by prison staff.  In *Vo*, the inmate alleged

---

[9]     *See Vo v. Moore*, No. 13-3105, 2016 U.S. Dist. LEXIS 80301 (E.D. Pa. June 21, 2016). Croak mistakenly referred to the plaintiff in this case as "Van."  *See* Mot. Dismiss 7.

that he was improperly confined in the restrictive housing unit without due process. *See Vo*, 2016 U.S. Dist. LEXIS 80301, at *2-7. Vo did not complete the grievance procedure available in the BCCF and his case was dismissed as unexhausted. *See id.* at *13. In *Spencer*, the court stated that "[v]erbal grievances or written complaints which do not comply with the DOC policies are simply inadequate." *See Herman v. Pa. Dep't of Corr.*, No. 13-7381, 2014 U.S. Dist. LEXIS 105246, at *9 (E.D. Pa. Aug. 1, 2014). In that case, however, the inmates complained about discrimination against mentally ill inmates, response time to sick call requests, and other conditions of confinement. *Id.* at *3-4. The claims by these plaintiffs, unlike Williams's claims, were subject to the BCCF's written grievance procedure. Therefore, the holdings in these cases offer no support to Croak's exhaustion argument in the instant action.

## V.  CONCLUSION

Williams could exhaust his allegations of sexual abuse, sexual harassment, and physical abuse by Croak by reporting these matters to a staff member at the BCCF, which according to the Complaint he did. Croak's Motion to Dismiss Williams's Complaint for his failure to exhaust administrative remedies is therefore denied.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[10]  *See Herman v. Pa. Dep't of Corr.*, No. 13-7381, 2014 U.S. Dist. LEXIS 105246, at *9 (E.D. Pa. Aug. 1, 2014). Ravanna Spencer and James Herman were co-plaintiffs.